UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

ERIC BARNES,                                )
                                            )
            Petitioner,                     )
                                            )
v.                                          )   No. 1:05-cv-1895-SEB-VSS
                                            )
THOMAS HANLON, Superintendent,              )
                                            )
            Respondent.                     )

**Entry Discussing Petition for Writ of Habeas Corpus**

The court, having considered the above action and the matters which are pending, makes the following rulings:

1.  The petitioner's request to proceed *in forma pauperis* is **granted.**

2.  Petitioner Barnes is confined at an Indiana prison. He seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254(a) with respect to a prison disciplinary proceeding identified as CIC 05-08-0088, wherein he was found guilty of having violated prison rules of conduct by possessing more than one cigarette.

3.  Barnes is entitled to a writ of habeas corpus if he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

4.  Under Indiana law, state prison inmates have a protected liberty interest in earned good-time credits and in credit earning class, IND. CODE §§ 35-50-6-4, 35-50-6-5 (2000), and the state may not deprive inmates of good-time credits without following constitutionally adequate procedures to insure that the credits are not arbitrarily rescinded. *Meeks v. McBride,* 81 F.3d 717, 719 (7th Cir.1996) (citing *Wolff v. McDonnell,* 418 U.S. 539, 557 (1974)).

5. In these circumstances, Barnes was entitled to the following process before being deprived of his liberty interests: (1) advance (at least 24 hours before hearing) written notice of the claimed violation; (2) the opportunity to be heard before an impartial decision maker; (3) the opportunity to call witnesses and present documentary evidence (when consistent with institutional safety); and (4) a written statement by the fact-finder of the evidence relied on and the reasons for the disciplinary action. *Rasheed-Bey v. Duckworth,* 969 F.2d 357, 361 (7th Cir. 1992). In addition, there is a substantive component to the issue, which requires that the decision of a conduct board be supported by "some evidence." *Superintendent v. Hill,* 472 U.S. 445 (1985).

6. Under *Wolff* and *Hill,* Barnes received all the process to which he was entitled.

   a. The habeas petition shows that the charge was clear, that Barnes received more than 24 hours advance notice of the hearing, that he appeared at the disciplinary hearing and made a statement concerning the charge, that the conduct board set forth in writing its findings and the evidence considered, that the statement of the sanctions was clear, and that a written reason for the sanctions imposed was made.

   b. With respect to the sufficiency of the evidence, the facts favorable to the conduct board's decision are that during the evening of August 11, 2005, Sgt. Mays was conducting a search of Barnes and of the cell to which Barnes was assigned. While doing so, Sgt. Mays checked Barnes' shoes and found in one of the shoes a baggie of tobacco. Barnes stated that the tobacco was his. This satisfies the "some evidence" required by due process. *Henderson v. United States Parole Comm'n*, 13 F.3d 1073, 1077 (7th Cir. 1993) (a federal habeas court "will overturn the . . . [conduct board's] decision only if no reasonable adjudicator could have found . . . [the petitioner] guilty of the offense on the basis of the evidence presented"), *cert. denied,* 115 S. Ct. 314 (1994).

7. Barnes' only challenge in this case is to the conclusion drawn by the conduct board based on the evidence before it. He contends that, because another offender admitted to owning the tobacco, Barnes should have been found not guilty. This argument is unpersuasive, because although the evidence before the disciplinary board must "point to the accused's guilt," *Lenea v. Lane, 882* F.2d 1171, 1175 (7th Cir. 1989), "only evidence that was presented to the Adjustment Committee is relevant to this analysis." *Hamilton v. O'Leary,* 976 F.2d 341, 346 (7th Cir. 1992). The contraband was found in Barnes' property–his shoe. The evidence in this case was constitutionally sufficient. No more is required, and the fact that there was conflicting evidence does not make the conduct board's determination invalid. *See Hill*, 472 U.S. at 457 ("The Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board.").

8. "The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Barnes to the relief he seeks. Accordingly, his petition for a writ of habeas corpus shows on its face that he is not entitled to the relief he seeks. That petition must be **denied** and the action dismissed pursuant to Rule 4 of the *Rules Governing Section 2254 Proceedings in the United States District Court.* Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED**.

Date: 01/03/2006

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana